Lawrence C. Ecoff, Esq. (SBN 143814)
Alberto J. Campain, Esq. (SBN 204068)
**ECOFF CAMPAIN & TILLES, LLP**
A Limited Liability Partnership
280 South Beverly Drive, Suite 504
Beverly Hills, California 90212
Telephone:     (310) 887-1850
Facsimile:      (310) 887-1855
Email:           ecoff@ecofflaw.com
                     campain@ecofflaw.com

Attorneys for Plaintiff
ARRISTE LLC, a California limited liability company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| ARRISTE LLC, a California limited liability company,<br><br>　　　　Plaintiff,<br>　vs.<br>AIRROSTI REHAB CENTERS, LLC, an Oklahoma limited liability company,<br><br>　　　　Defendant. | Case No.:  8:21-cv-267<br><br>COMPLAINT FOR:<br><br>1. DECLARATORY RELIEF RE VALIDITY OF U.S. TRADEMARK REGISTRATION NO. 5,985,519<br><br>2. DECLARATORY RELIEF RE NON-INFRINGEMENT<br><br>[Demand For Jury Trial] |

　　　Plaintiff Arriste LLC, by and for its complaint against Defendant Airrosti Rehab Centers, LLC, alleges as follows:

## NATURE OF ACTION

　　　1.　　This is an action for declaratory relief under 28 U.S.C. § 2201, *et. seq.* Specifically, Plaintiff is the holder of U.S. Trademark Registration No. 5,985,519 for the "ARRISTE" mark. Plaintiff seeks a declaration of validity of its U.S. Trademark Registration No. 5,985,519, as well as a declaration that is use does not violate the rights, if any, of Defendants in the mark "AIRROSTI."

2. This action is necessitated by Defendant's filing of a Petition for Cancellation of the U.S. Trademark Registration No. 5,985,519 on February 1, 2021.

## PARTIES

3. Plaintiff Arriste LLC ("Plaintiff") is, and all relevant times was, a limited liability company formed and existing under the laws of the State of California, having its principal place of business in Irvine, California.

4. Defendant Airrosti Rehab Centers, LLC ("Defendant"), is and all times was, a limited liability company formed under the laws of the State of Oklahoma, having its principal place of business in San Antonio, Texas. On September 22, 2020, Defendant filed an Application to Register a Foreign Limited Liability Company with the California Secretary of State.

## JURISDICTION & VENUE

5. This Court has federal question jurisdiction over the subject of this action pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§1331 and 1338 (actions arising under the Lanham Act), and 28 U.S.C. §2201, et. seq. (actions for declaratory judgment).

6. This Court has specific personal jurisdiction over Defendant because Defendant registered as a Foreign Limited Liability Company with the California Secretary of State during the time of this dispute regarding the subject matter of this action, and thus availed itself of the benefits and protections of this state. Furthermore, Defendant has purposefully availed itself of the benefits and protections of this forum by, among other things, advertising on its website and directing its services "Airrosti Remote Recovery" to residents of the State of California, in the ordinary course of trade, engaging in substantial, continuous and systematic activities within this judicial district.

7. Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. § 1391(b) because, Plaintiff is informed and believes, and on that basis alleges, that a substantial part of the events or omissions giving rise to the claim occurred within this District, and has caused damage to Plaintiff in this District.

## FACTUAL ALLEGATIONS

**A.    The Parties**

8. Founded in 2018, Plaintiff is a premium fitness product company, focused on sports performance products, including percussion massagers, resistance bands, lifting straps, knee wraps, wrist/ankle cuffs and clothing.

9. Plaintiff's trade name, "Arriste" is derived from the Greek phrase "Aien Aristeuein," which translates to "Ever to Excel." The origin of the name has been present in Arriste's marketing and story since inception. The logo itself contains elements of the Greek letter "alpha", muscle striations symbolized by the lines of the alpha, and the infinity symbol which represents "Ever to Excel." Plaintiff's branding is depicted below:



10. Defendant, as described on its website, is a rehabilitation service which "[a]ccurately diagnose and rapidly resolve the source of pain and injuries- helping patients quickly return to pain-free activity and avoid injury recurrence." Defendant focuses on patient care for those with chronic and nagging pain, or acute injuries, providing one-on-one patient care.

11. Defendant's website promotes the company as a rehabilitation center focused on "one-on-one time with every patient to thoroughly diagnose and help resolve the source of your pain through safe and effective soft tissue treatment."

Defendant's stated mission is "[t]o deliver the best soft tissue treatment on the planet through health care providers with a genuine passion for healing patients and a support team driven to provide every resource possible to impact the lives of our patients." Defendant's branding is depicted below:

**AIRROSTI**

### B.    Plaintiff's Registered Trademark

12.    On October 11, 2018, Plaintiff filed a U.S. Trademark Application Serial No. 88152286 to register the mark "ARRISTE" for goods and services related to:

> "IC 010. US 026 039 044. G & S: Electric massage appliances, namely, electric vibrating massager; Electronic stimulation apparatus for percussion therapy to muscles for physical therapy purposes; Massage apparatus; Massage apparatus and instruments; Massage apparatus for massaging injured muscles; Massaging apparatus for personal use; Vibrating apparatus used to stimulate muscles and increase strength and physical performance for health and medical purposes; Foot massage apparatus. FIRST USE: 20190711. FIRST USE IN COMMERCE: 20191206
>
> IC 025. US 022 039. G & S: Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Hats; Short-sleeved or long-sleeved t-shirts; Sports shirts; T-shirts. FIRST USE: 20190711. FIRST USE IN COMMERCE: 20190930

   IC 028. US 022 023 038 050. G & S: Vibrating apparatus used in fitness and exercise programs to stimulate muscles and increase strength and physical performance. FIRST USE: 20190711. FIRST USE IN COMMERCE: 20191206"

13. Plaintiff's U.S. Trademark Application Serial No. 88152286 was published for opposition on March 5, 2019.

14. Having received no opposition, including none from Defendant, and after examination, the trademark examining attorney at the U.S. Patent and Trademark Office found no conflicting marks, including Defendant's mark, that would bar registration of the "Arriste" mark.

15. On February 11, 2020, the U.S. Patent and Trademark Office issued U.S. Trademark Registration No. 5,985,519 for the "Arriste" mark to Plaintiff.

16. On or about July 7, 2020, more than sixteen (16) months after the publication for opposition of Plaintiff's a U.S. Trademark Application Serial No. 88152286, Defendant, through its counsel, sent a letter asserting a likelihood of confusion between Plaintiff's mark and Defendant's mark and demanding that Plaintiff cease and desist using its mark.

17. On July 30, 2020, Plaintiff, through counsel, responded to Defendant's July 7, 2020 correspondence setting forth a detailed factual explanation why Plaintiff's mark does not infringe on Defendant's mark.

18. Rather than timely address Plaintiff's July 30, 2020 correspondence, Defendant proceeded, on September 22, 2020, to submit an Application to Register a Foreign Limited Liability Company with the California Secretary of State, bearing filing number 202026710030.

19. On October 30, 2020, ninety (90) days later, Defendant's counsel finally replied to Plaintiff's July 30, 2020 letter, reiterating the demands from the July 7, 2020 correspondence.

20. By letter dated December 4, 2020, Plaintiff's counsel once again painstakingly detailed the inaccuracies and fallacies of Defendant's contentions.

21. Thereafter, on February 1, 2021, nearly two years after Plaintiff's U.S. Trademark Application Serial No. 88152286 was published for opposition, Defendant file a Petition for Cancellation of the U.S. Trademark Registration No. 5,985,519.

22. Defendant's Petition for Cancellation admits that it is a health care service provider that "employs and trains providers who specialize in delivering high quality, outcome-based musculoskeletal care under the brands AIRROSTI and AIRROSTI REHAB CENTERS (collectively, the "AIRROSTI Mark"), including physical rehabilitation, therapy services, and therapeutic exercise services."

23. Defendant also attests that it uses its mark on, "adhesive tapes, pens and note pads, beverage containers, such as coffee mugs, plastic water bottles, plastic cups, and numbers; and clothing, such as t-shirts and hats."

24. Given that Plaintiff is a premium fitness product company, focused on sports performance products, including percussion massagers, resistance bands, lifting straps, knee wraps, wrist/ankle cuffs and clothing, there is no likelihood of confusion in the "ARRISTE" mark because the parties provide entirely different and unrelated services and goods.

25. Nevertheless, a dispute currently exists between the parties relative to their respective marks, and Defendant's demand for a cease and desist and cancellation of the Arriste trademark.

**FIRST CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT OF VALIDITY OF**

**U.S. TRADEMARK REGISTRATION NO. 5,985,519**

26. Plaintiff hereby incorporates, by this reference, each and every allegation set forth in paragraphs 1 through 25, inclusive, as if set forth in full.

27. An actual and justifiable controversy exists between the parties with respect to the validity of Plaintiff's U.S. Trademark Registration No. 5,985,519 for the "ARRISTE" mark.

28. Defendant asserts that Plaintiff's U.S. Trademark Registration No. 5,985,519 for the "ARRISTE" mark is invalid and should be cancelled based on priority and likelihood of confusion.

29. Plaintiff contends, on the other hand, that its U.S. Trademark Registration No. 5,985,519 for the "ARRISTE" mark is valid.

30. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 and *Federal Rules of Civil Procedure*, Rule 57, confirming the validity and enforceability of Plaintiff's U.S. Trademark Registration No. 5,985,519 for the "ARRISTE" mark.

## SECOND CLAIM FOR RELIEF
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

31. Plaintiff hereby incorporates, by this reference, each and every allegation set forth in paragraphs 1 through 30, inclusive, as if set forth in full.

32. An actual and justifiable controversy exists between the parties with respect to Plaintiff' rights to the use of the mark "ARRISTE" in connection with its products.

33. Defendant asserts that Plaintiff' use of the mark "ARRISTE" infringes upon Defendant's rights in its "AIRROSTI" mark.

34. Plaintiff asserts that there is no likelihood of confusion between Defendant's use of the "AIRROSTI" mark, and Plaintiff's use of the "ARRISTE" mark, and that Plaintiff's use of the "ARRISTE" mark does not infringe upon any of Defendant's trademark rights.

35. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 and *Federal Rules of Civil Procedure* Rule 57, confirming that Plaintiff's use of the

"ARRISTE" mark in connection with its products does not infringe upon any trademark rights of Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ARRISTE LLC prays for judgment against Defendant AIRROSTI REHAB CENTERS, LLC as follows:

1. For a Declaratory Judgment that Plaintiff's U.S. Trademark Registration No. 5,985,519 for the "ARRISTE" mark is valid and enforceable;

2. For a Declaratory Judgment that Plaintiff's use of the mark "ARRISTE" does not infringe Defendant's trademark rights, or any other rights.

3. For costs of suit herein; and

4. For such other and further relief as the Court may deem just and proper

Dated: February 9, 2021          ECOFF CAMPAIN & TILLES, LLP

/s/ *Lawrence C. Ecoff*
LAWRENCE C. ECOFF, ESQ.
ALBERTO J. CAMPAIN, ESQ.

Attorneys for Plaintiff
ARRISTE LLC, a California limited liability company

## REQUEST FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff hereby demands a trial by jury on all issues properly triable by a jury.

Dated: February 9, 2021          ECOFF CAMPAIN & TILLES, LLP

/s/ *Lawrence C. Ecoff*
LAWRENCE C. ECOFF, ESQ.
ALBERTO J. CAMPAIN, ESQ.

Attorneys for Plaintiff
ARRISTE LLC, a California limited liability company